# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

|                                                    |     |                              |
| -------------------------------------------------- | --- | ---------------------------- |
| EDDIE PILCHER,                                     | )   |                              |
|                                                    | )   |                              |
| Plaintiff,                                         | )   |                              |
|                                                    | )   |                              |
| vs.                                                | )   |                              |
|                                                    | )   |                              |
| WARDEN NELSON; MAJOR A.                            | )   | No. 2:21-cv-00843-DCN-MGB    |
| THOMAS; LT. LEVELS, JR; SGT.                       | )   |                              |
| COAXUM; SOUTH CAROLINA                             | )   | **ORDER**                    |
| DEPARTMENT OF CORRECTIONS;                         | )   |                              |
| AGENT MARTIN; and SCDC POLICE                      | )   |                              |
| SERVICE,                                           | )   |                              |
|                                                    | )   |                              |
| Defendants.                                        | )   |                              |
| _____          | )   |                              |

This matter is before the court on Magistrate Judge Mary Gordon Baker's report and recommendation ("R&R"), ECF No. 75, that the court grant in part and deny in part defendants[1] Warden Nelson ("Nelson"); Major A. Thomas ("Thomas"); Lt. Levels, Jr. ("Levels"); Sgt. Coaxum ("Coaxum"); South Carolina Department of Corrections ("SCDC"); Agent Martin ("Martin"); and SCDC Police Service's ("Police Service") (together, "defendants") motion for summary judgment, ECF No. 69. For the reasons set forth below, the court adopts in part and rejects in part the R&R and grants in part and denies in part the motion.

---

[1] The complaint names the individual defendants based on their respective positions and does not provide their full names. Both defendants and the Magistrate Judge continue to refer to those defendants in that way, and the court will therefore do the same.

# I.  BACKGROUND

The R&R ably recites the facts of the case, and the parties do not object to the R&R's recitation thereof.  Therefore, the court will only briefly summarize material facts as they appear in the R&R for the purpose of aiding an understanding of the court's legal analysis.

Plaintiff Eddie Pilcher ("Pilcher") is an inmate in the custody of the SCDC and was, at all relevant times, housed at the Lee Correctional Institution ("LCI") in Bishopville, South Carolina.  Nelson, Thomas, Levels, and Coaxum were, at all relevant times, employed by SCDC or LCI.  On June 16, 2019, Pilcher allegedly learned from a fellow inmate and member of the Blood gang that Coaxum and an inmate had approached the Bloods at LCI and offered to "t[ake] care of [Pilcher]" in exchange for $2,000.  ECF No. 1 at 10, Compl. ¶ 1.  According to the same inmate, Coaxum had been circulating a rumor that Pilcher was "snitching on [Blood] gang members" by informing the prison contraband team to "shake [them] down."  ECF No. 72-2 at 9, Smith Decl.  Upon learning this information, Pilcher completed a Request to Staff Member ("RTSM") form expressing his belief that his life was in danger.  ECF No. 72-2 at 2.  Pilcher sent the RTSM to Nelson, Thomas, and Martin on June 16, 2019.

Pilcher alleges that two days later, on June 18, 2019, he was pulled out of the showers, placed in restraints, and taken to a front office by Levels under the pretense that he was being allowed to use the phone to call his "lady."  Id. ¶ 5.  Pilcher alleges that during the phone call, while he remained in restraints, an inmate worker identified as "T.Y." came into the room and punched Pilcher in the mouth.  At that point, Levels allegedly jumped up and grabbed Pilcher, telling him "Chill I got you."  Id.  Pilcher

2:21-cv-00843-DCN     Date Filed 09/23/22     Entry Number 80     Page 3 of 13

sought to escape his handcuffs to defend himself, but Levels "got in [his] way." According to Pilcher, Levels then called in six or seven other officers into the office, and the officers restrained Pilcher but allowed T.Y. to leave. On June 19, Pilcher submitted another RTSM form to the warden explaining that he had been assaulted, which the warden forwarded to Thomas. ECF No. 72-2 at 15. Thomas responded to the RTSM with the disposition that "Inmate worker was terminated from RHU assignment." Id. According to Pilcher, however, T.Y. was allowed to work near Pilcher for another one to two weeks before T.Y. was fired from his inmate job. Pilcher subsequently filed Step 1 and Step 2 grievances with SCDC and contacted the Police Service about "Coaxum having a hit out on me" and about "being assaulted." Compl. ¶¶ 11–12. Defendants responded that the "investigation was closed," ECF No. 72-2 at 26, but Pilcher alleges that instead of investigating his report, Martin "covered up th[e] crime," Compl. ¶ 12.

On March 24, 2021, Pilcher, proceeding pro se, filed the instant action against defendants, alleging (1) a violation of his Eighth Amendment rights under 42 U.S.C. § 1983 and (2) a negligence claim under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. § 15-78-10, et seq. ECF No. 1. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Civil Rules 73.02(B)(2)(g) (D.S.C.), all pretrial proceedings in this case were referred to Magistrate Judge Baker.

On December 20, 2021, defendants filed a motion for summary judgment. ECF No. 69. On January 6, 2022, Pilcher responded in opposition. ECF No. 72. Defendants replied on January 11, 2022, ECF No. 73, and Pilcher filed a sur-reply on January 24, 2022, ECF No. 74. On April 12, 2022, Magistrate Judge Baker issued the R&R, recommending that the court grant in part and deny in part the motion for summary

judgment.  ECF No. 75, R&R.  On April 26, 2022, defendants filed their objections to the R&R.  ECF No. 77.  Pilcher did not file objections but responded to defendants' objections on May 11, 2022.  ECF No. 79.  Defendants did not file a reply, and the time to do so has now elapsed.  As such, the matter is now ripe for the court's review.

## II.  STANDARD

This court is charged with conducting a de novo review of any portion of the Magistrate Judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the Magistrate Judge.  See Thomas v. Arn, 474 U.S. 140, 149–50 (1985).  The recommendation of the Magistrate Judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270–71 (1976).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made.  Id.  However, in the absence of a timely filed, specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  Furthermore, "[a] party's general objections are not sufficient to challenge a magistrate judge's findings."  Greene v. Quest Diagnostics Clinical Labs., Inc., 455 F. Supp. 2d 483, 488 (D.S.C. 2006) (citation omitted).  When a party's objections are directed to strictly legal issues "and no factual issues are challenged, de novo review of the record may be dispensed with."  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted).

Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in a magistrate judge's proposed findings.  Id.

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Id. at 248.  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Id. at 249.  The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor.  Id. at 255.

Plaintiff is proceeding pro se in this case.  Pro se complaints and petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys.  See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 (1978).  A federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a

5

potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980).  Liberal

construction, however, does not mean that the court can ignore a clear failure in the

pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc.

Servs., 901 F.2d 387, 390–91 (4th Cir. 1990).

### III.   DISCUSSION

#### A.  Eighth Amendment Claims

Defendants moved for summary judgment on Pilcher's Eighth Amendment claims

based on two primary grounds.  First, defendants argued that Pilcher's claims are barred

by sovereign immunity.  Second, defendants argued that his claims "fail on the merits."

ECF No. 69-1 at 5.  Under defendants' sovereign immunity argument, the Magistrate

Judge determined that SCDC is entitled to Eleventh Amendment immunity for Pilcher's

§ 1983 claims because it is an arm of the State of South Carolina.  The Magistrate Judge

similarly recommended the court find that Eleventh Amendment immunity bars Pilcher's

§ 1983 claims against Nelson, Thomas, Levels, Coaxum, and Martin in their official

capacities.  Pilcher does not object to the Magistrate Judge's recommendation regarding

sovereign immunity and as such, the court "must only satisfy itself that there is no clear

error on the face of the record in order to accept the recommendation." Diamond, 416

F.3d at 315 (internal quotations and citation omitted).  The court finds no clear error in

the Magistrate Judge's recommendation on sovereign immunity and grants summary

judgment on the § 1983 claims against SCDC and the individual defendants in their

official capacities.

The court next turns to defendants' argument regarding the merits of Pilcher's

claim.  To prevail on an Eighth Amendment deliberate indifference claim, "a prisoner

must prove two elements: (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind." Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998) (internal quotation marks and citations omitted). In evaluating defendants' argument, the Magistrate Judge delineated the claims against Coaxum on the one hand and against Nelson, Thomas, Levels, and Martin on the other due to different standards for evaluating their culpable state of mind based on their alleged level of involvement.

For Nelson, Thomas, Levels, and Martin—who were alleged to have been on notice that Pilcher faced a substantial risk of a "hit" by members of the Blood gang at LCI—the Magistrate Judge explained that the test to determine if they possessed the requisite culpable state of mind is "whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." R&R at 21 (quoting Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010)). Under this test, the Magistrate Judge found that Pilcher had failed to show that those four defendants exhibited deliberate indifference to a known risk to his safety. Again, Pilcher does not object to the Magistrate Judge's recommendation, and the court finds no clear error in the same. Accordingly, the court grants summary judgment in Nelson, Thomas, Levels, and Martin's favor as to all claims asserted against them.

As such, the § 1983 claim against Coaxum is the only such claim that remains at issue. As the Magistrate Judge explained, the complaint alleges that Coaxum intentionally placed Pilcher in harm's way by offering to "take care of" him. Coaxum is thus liable under the Eighth Amendment if he endangers the life or safety of a prisoner by personally subjecting the plaintiff "to the threat of a substantial risk of serious harm at the

7

hands of his fellow inmates." Irving v. Dormire, 519 F.3d 441, 451 (8th Cir. 2008).  The

Magistrate Judge ultimately determined that "[g]iven the temporal proximity between []

Coaxum's alleged remarks on June 16, 2019 and the assault on [Pilcher] on June 18," in

tandem with "the lack of evidence offered by [d]efendants," genuine issues of material

fact exist as to whether Coaxum violated Pilcher's Eighth Amendment rights "by inciting

other inmates against him."  R&R at 21.

        In their objections, defendants first argue that the Magistrate Judge improperly

shifted the burden onto defendants by taking stock of defendants' lack of evidence to

refute Pilcher's claims.  However, defendants conflate Pilcher's burden of proof in the

case with the threshold required for defendants to succeed as the movant on a motion for

summary judgment.  The party seeking summary judgment shoulders the initial burden of

demonstrating to the district court that there is no genuine issue of material fact.  Celotex

Corp. v. Catrett, 477 U.S. 31, 323 (1986); Major v. Greenville Hous. Auth., 2012 WL

3000680, at *1 (D.S.C. Apr. 11, 2012).  Therefore, the Magistrate Judge did not err in

noting defendants' lack of evidence, and the court overrules defendants' objection under

that basis.

        Even if the court determined that defendants made the threshold showing, the

court agrees with the R&R that Pilcher has presented evidence sufficient to raise a

genuine dispute of material fact and defendants have not presented any evidence to

dispute that finding.  "Once the movant has made this threshold showing, the non-moving

party, to survive the motion for summary judgment, may not rest on the allegations

averred in his pleadings." Watts v. Harris, 2019 WL 7040603, at *3 (D.S.C. Oct. 22,

2019) (citing Celotex, 477 U.S. at 324).  But here, Pilcher has presented evidence beyond

his original pleadings. Therefore, defendants must either submit evidence of their own or undermine Pilcher's evidence for the court to find that there is no genuine dispute of material fact.

In lieu of presenting their own evidence, defendants argue that Pilcher's evidence is insufficient. For example, defendants argue that the declaration of Pilcher's fellow inmate, Perry L. Smith Jr. ("Smith"), contains hearsay in the form of Coaxum's statement that Pilcher was snitching on the Bloods. ECF No. 77 at 4 (citing ECF No. 72-2 at 9, Smith Decl.). Defendants similarly argue that "Pilcher offer[ed] hearsay" based on his statement that another inmate, identified as "Blackwell," told Pilcher that he declined Coaxum's offer of $2,000. Finally, defendants argue that Pilcher's declaration that T.Y. entered the office to assault Pilcher while he was on the phone is also hearsay. Id. at 5 (citing ECF No. 72-2 at 11, Pilcher Decl.).

To be sure, "affidavits submitted on summary judgment [must] contain admissible evidence and be based on personal knowledge" and cannot be "based upon hearsay." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) (first citing Fed. R. Civ. 56(e); and then citing Md. Highways Contractors Ass'n v. Maryland, 933 F.2d 1246, 1252 (4th Cir. 1991)). But here, the statements at issue are either admissible or based on personal knowledge. "An affidavit submitted in connection with a motion for summary judgment may contain hearsay statements that would be admissible at the trial under exceptions [or exclusions] to the hearsay rule." Wyant v. Burlington N. Santa Fe R.R., 210 F. Supp. 2d 1263, 1275–76 (N.D. Ala. 2002) (citing H. Sand & Co. v. Airtemp Corp., 934 F.2d 450, 454–55 (2d Cir. 1991)). The statement made by Coaxum contained in Smith's declaration is not hearsay because it is an opposing party's

statement.  Fed. R. Evid. 801(d)(2).  The account of T.Y.'s alleged actions in Pilcher's declaration is based on Pilcher's personal knowledge, and the declaration does not elicit a statement from T.Y., consequently not meeting the definition of hearsay.  Finally, the statement made by "Blackwell" contained in Pilcher's declaration is arguably not being offered for the truth of the matter asserted because the probative value lies in Coaxum's offer—not whether Blackwell had the conversation with Coaxum or whether he accepted or declined the offer.[2]  See Jude v. Health Mgmt. Assocs. of W. Va., 187 F.3d 629, at *2 (4th Cir. 1999) (unpublished table opinion) (explaining that the mere fact that a conversation occurred is not probative of any issue; the truth of the underlying statement accounts for the probative value).  However, because Pilcher did not raise this argument—and the issue could be subject to differing views—the court agrees to strike that portion of the declaration for purposes of deciding this motion.  Nevertheless, the court finds that based on the remaining evidence in the declarations, Pilcher has raised a genuine dispute of material fact as to whether Coaxum subjected him to a substantial risk of serious harm.

Finally, defendants argue, in essence, that Pilcher's alleged assassination plot is factually unsound and cannot withstand summary judgment.  Specifically, defendants argue that Pilcher offers no motive for the alleged assassination plot and that T.Y.'s alleged act of striking Pilcher in the mouth hardly constitutes an assassination attempt.  First, the court notes that a reasonable juror could conclude that the $2,000 that Coaxum allegedly sought for the "hit" constitutes sufficient motive.  But more importantly, it is

---

[2] The statement within the statement—that Coaxum offered Blackwell $2,000 to take care of Pilcher—is a statement by a party opponent.

not the court's role at this stage to weigh the evidence, <u>Russell v. Microdyne Corp.</u>, 65

F.3d 1229, 1239 (4th Cir. 1995) (citation omitted), or make determinations of credibility,

<u>Sosebee v. Murphy</u>, 797 F.2d 179, 182 (4th Cir. 1986).  Those are roles for the jury.  It

may be that a jury ultimately agrees with defendants and decides that Pilcher's account

lacks credibility or that Coaxum acted appropriately; however, at this stage, the court

does not find that the evidence is so one-sided that defendants must prevail as a matter of

law.  In sum, even after conducting a <u>de novo</u> review, the court overrules defendants'

objections and denies summary judgment as to the § 1983 claim against Coaxum.

### B.  Negligence Claim

Next, the court turns to the propriety of Pilcher's negligence claim against SCDC.

Pilcher did not specifically state a cause of action for negligence, but the Magistrate

Judge liberally construed the complaint as alleging claims of negligent training and

supervision on the part of SCDC, among other claims of negligence against the individual

defendants.  Specifically, the complaint alleges: "SCDC failed to protect me from

violence from the hands of another inmate.  They had knowledge prior to the assault and

still failed me.  They w[ere] deliberat[ely] indifferent, negligent[, and] failed to protect."

Compl. at 13.  In their objections, defendants first argue that like for the § 1983 claims,

SCDC has not consented to suit in South Carolina.  Defendants argue that as such, the

negligence claims are barred under Eleventh Amendment immunity.

Although defendants failed to raise this argument in their motion for summary

judgment, they are correct that Pilcher's state law claims against SCDC must fail.

SCDC, as an arm of the state, retains its sovereign immunity from claims made in federal

court because the SCTCA does not waive the state's immunity from tort claims brought

in federal court.  S.C. Code § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States . . . ."); see also Odom v. Wilson, 2007 WL 1231797, at *6 (D.S.C. Apr. 25, 2007), aff'd, 250 F. App'x 573 (4th Cir. 2007) ("Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina.").  In other words, the SCTCA constitutes a waiver of the state's sovereign immunity with respect to claims made in state court but not with respect to claims had in federal court.  See Doe v. Coastal Carolina Univ., 359 F. Supp. 3d 367, 379 (D.S.C. 2019) ("South Carolina has not waived its Eleventh Amendment immunity for lawsuits in federal court, consenting to suit only in South Carolina state court to the extent that it has waived tort claims against it.").  Accordingly, SCDC is entitled to sovereign immunity for state tort claims brought in federal court.  The court hesitates to reach this ruling given defendants' failure to make the argument in their prior motion.  Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998) (noting that "[c]onsideration of efficiency and fairness militate in favor of a full evidentiary submission for the Magistrate Judge's consideration" on a motion for summary judgment).  Ultimately though, the court finds that it would be clearly erroneous to allow this claim to proceed, even without the defendants raising the issue, as the court is obligated to consider issues of subject-matter jurisdiction sua sponte.  See Suarez Corp. Indus. v. McGraw, 125 F.3d 222, 227 (4th Cir. 1997) ("We believe that, because of its jurisdictional nature, a court ought to consider the issue of Eleventh Amendment immunity at any time, even sua sponte.").

As such, the court departs from the R&R and grants summary judgment in defendants' favor on Pilcher's state law negligence claim against SCDC.  That claim must instead be brought in state court, if at all.  Remand would be improper because the case was not removed from state court.  See Pechilis v. S.C. Auctioneers' Comm'n, 1993 WL 733081, at *5 (D.S.C. Jan. 25, 1993) (dismissing the plaintiff's pendant state law claims because remand would not be the proper vehicle).  Although this may result in bifurcation of plaintiffs' claims, the Supreme Court has explained that such a result "is not uncommon in this area" as "issues of state law commonly are split off and referred to the state courts" and, in any event, policy considerations "cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 122–23 (1984).  In sum, the court grants summary judgment on all claims against SCDC.  This action will proceed solely as a § 1983 claim against Coaxum, in his individual capacity.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** in part and **REJECTS** in part the R&R and **GRANTS IN PART** and **DENIES IN PART** the motion.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**September 23, 2022**
**Charleston, South Carolina**

13